

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-89,935-01, WR-89,935-02 AND WR-89,935-03

### EX PARTE ANDREW PETE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W12-33559-V(A), W12-33560-V(A) AND W12-33561-V(A)
### IN THE 292ND DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three charges of aggravated sexual assault of a child. After a mistrial was declared during the punishment stage, but before a new jury was empaneled to assess punishment, Applicant entered into a plea agreement whereby he would receive three concurrent eight-year sentences, and would waive his right to appeal. The trial court sentenced Applicant in accordance with the plea agreement.

Applicant contends, among other things,[1] that both his original trial counsel and his counsel during the post-mistrial punishment proceedings rendered ineffective assistance for various reasons.

Applicant alleges that his trial counsel was ineffective for failing to investigate or prepare for trial, failing to investigate an extraneous offense although he was aware that the State intended to introduce evidence of that extraneous offense during the guilt/innocence stage, failing to impeach the extraneous offense witness with evidence of her bias and prior inconsistent statements, failing to file a motion *in limine* or object to evidence about the extraneous offense witness's belief as to why Applicant was not prosecuted for the extraneous offense, and failing to impeach the complaining witness with prior inconsistent statements.

Applicant alleges that his post-mistrial counsel was ineffective for failing to adequately prepare for the punishment trial, causing Applicant to enter into an unknowing and involuntary plea at the punishment stage, and failing to advise Applicant regarding his right to appeal or explain to him that he was waiving the right to appeal entirely by entering into the plea agreement.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order both Applicant's original trial counsel and his counsel at the post-mistrial punishment proceedings to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's post-mistrial punishment counsel was deficient, and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant's punishment plea was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 3, 2019
Do not publish